IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN GAGLIARDI, SOON-RYE VANGELDER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 06-20 |
| RICHARD CLARK, BOROUGH MGR.; BOROUGH OF JEFFERSON HILLS, a municipal corporation; BOROUGH OF JEFFERSON HILLS SEWER AUTHORITY; PENNSYLVANIA AMERICAN WATER COMPANY, a Pennsylvania business corporation; Defendants. | ) ) ) ) ) ) ) ) ) | |

ORDER

Pending before the court is plaintiffs' motion to reinstate case and claim for damages (Doc. No. 39).

On September 28, 2006, the court issued a memorandum opinion  (Doc. No. 32) (the "September 28, 2006 Opinion") granting defendants' motions to dismiss and dismissing some of plaintiffs' claims with prejudice and others without prejudice to plaintiffs' right to amend their complaint within thirty (30) days to have claims that were dismissed without prejudice resolved so long as plaintiffs could  meet the standards of Rule 8 of the Federal Rules of Civil Procedure and allege facts sufficient to outline the elements of their claims or to permit inferences to be drawn that these elements exist.  In the September 28, 2006 Opinion, the court reminded plaintiffs that plaintiffs may not rely upon mere bald assertions or legal conclusions.

After an additional thirty-day extension granted by the court, plaintiffs filed "Plaintiff's First Amended Complaint and Motion to Add Additional Parties" (Doc. No. 37) ("plaintiffs' filing") which plaintiffs purported to be a first amended complaint.  (Doc. No. 37).  In essence, however, plaintiffs' filing did not seek to amend any of the claims asserted in the original complaint, but rather was a new complaint alleging a new claim and seeking to add new parties. By reason of that filing not addressing the claims identified in the September 28, 2006 Opinion, and in light of plaintiffs' failure to make curative amendments with respect to plaintiffs' claims which previously were dismissed without prejudice, the court dismissed plaintiffs' complaint without prejudice to plaintiffs' rights to institute a new civil action by filing a new complaint alleging the new claims and ordered that the Clerk shall mark this case closed.  (Doc. No. 38).

In plaintiffs' most recent filing, plaintiffs' motion to reinstate case and claim for damages (Doc. No. 39), plaintiffs ask the court to reinstate plaintiffs' case and grant plaintiffs' requests for discovery of certain documents.  Plaintiffs argue that to do otherwise would deny plaintiffs of their rights to due process under the law.  In addition, plaintiffs apparently move for the recusal of the undersigned district court judge.[1]  The court has difficulty understanding plaintiffs' allegations relating to recusal and finds no grounds for recusal by reason of the dismissal of the amended complaint being without prejudice.

Plaintiffs reference Federal Rule of Civil Procedure 59 in support of the argument that the

---

[1]While the pleading is entitled "Plaintiff's Motion to Reinstate Case and Claim for Damages," the pleading alludes to the possibility of "an illegal pattern of tracking of all the legal documents and papers filed by plaintiff, John Gagliardi, which is ongoing and may be approved by judge Conti or other third parties . . . ."  Pl.'s Mot. at 2.  In addition, the certificate of service refers to the filing as "Plaintiff's Motion for Recusal of judge Conti, Motion to Reinstate Case and Motion for Discovery/Compel Depositions."  Id. at 4.

court should reinstate the case. Rule 59 provides motions for a new trial or to alter or amend judgment in a case. The court's decision to dismiss this case does not constitute a final judgment on the merits in the case. The court dismissed this case **without prejudice** to plaintiffs' rights to file a new complaint. Plaintiffs, therefore, have not been denied due process. Plaintiffs may file a new complaint setting forth the new claims raised in their amended complaint.

### *Conclusion*

For reasons set forth above, plaintiffs' motion to reinstate case (Doc. No. 39) is hereby DENIED; plaintiffs' motion for discovery is hereby DENIED WITHOUT PREJUDICE AS MOOT; and plaintiffs' motion for recusal of the undersigned district court judge is hereby DENIED.

By the court:

/s/ Joy Flowers Conti

Joy Flowers Conti
United States District Judge

Dated: December 1, 2006

cc:    Counsel of Record